UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH C. SISNEROS,<br><br>        Plaintiff,<br><br>    v.<br><br>K. MIM,<br><br>        Defendant. | No. 2:17-cv-2361-TLN-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. He originally brought this action in the Sacramento County Superior Court. ECF No. 1. Defendants removed the action to this court on November 13, 2017. *Id.* Attached to their notice of removal was a copy of plaintiff's complaint. *Id.* at 4. Plaintiff is a state prisoner and, pursuant to 28 U.S.C. § 1915A, defendants now request, by separate motion, that the court screen his complaint and dismiss any claims that are frivolous, malicious, or which fail to state a cognizable claim. ECF No. 2. After reviewing plaintiff's complaint, the court concludes that it states a potentially cognizable due process claim against the defendant.

Jurisdiction

Except where Congress otherwise dictates, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction "of all civil

1

actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). Federal courts have an independent obligation to examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

Here, plaintiff has raised at least one federal claim. He alleges that defendant violated his rights at a disciplinary hearing by: (1) failing to provide him with advance notice of the charges against him; and (2) declining to allow him to present evidence in his defense. ECF No. 1 at 7-8. The Supreme Court has held that inmates are entitled to: (1) advance written notice of the claimed violation so that they can marshal facts and prepare a defense; (2) a brief period of time to prepare for the disciplinary hearing; (3) an ability to call witnesses and present documentary evidence in their defense so long as doing so will not be unduly hazardous to institutional safety or correctional goals; (4) assistance where the issues are overly complex or the inmate is illiterate; and (5) a written statement from the factfinder as to the evidence relied on and the reasons for the disciplinary outcome. *See Wolff v. McDonnel*, 418 U.S. 539, 563-70 (1974). Consequently, the court concludes that it has jurisdiction over plaintiff's claims. *See Ultramar America, Ltd. v. Dwelle*, 900 F.2d 1412, 1413-1414 (9th Cir. 1990) (federal question jurisdiction exists if at least one claim in the complaint arises under federal law). In turn, it may exercise supplemental jurisdiction over any state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Having concluded that federal question jurisdiction exists, the court turns to the screening of the complaint.

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### Screening Order

Plaintiff alleges that defendant violated his due process rights at a prison disciplinary hearing by failing to provide him with advance notice of the charges against him and declining to allow him to present evidence in his defense. ECF No. 1 at 7-8. These allegations are sufficient to pass muster on screening.

The court notes that plaintiff also alleges that the adverse disciplinary hearing outcome "greatly enhanced" his negative medical conditions, including diabetes, hypertension, and Hepatitis C. *Id.* at 8. It is unclear if plaintiff intends these allegations to state a separate claim for deliberate indifference against the defendant or any other prison official. Regardless, plaintiff has not sufficiently explained how the assessed disciplinary violation caused his medical symptoms to worsen. Nor has he alleged that defendant acted with an understanding that the disciplinary violation would negatively affect plaintiff's health. Accordingly this claim, to the extent plaintiff seeks to raise it, is dismissed with leave to amend.

### Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

/////

/////

1     Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

    Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

    Finally, any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Defendant's Request for Screening and Motion for Extension of Time

    The court has screened plaintiff's complaint and, consequently, defendant's request for screening is granted. Defendant also requests, that in the event any portion of the complaint survives screening, he be afforded thirty days to file a response. ECF No. 2 at 1-2. As noted above, plaintiff's due process claim is suitable to proceed. It is unclear, however, if he will amend his complaint to attempt to incorporate an Eighth Amendment deliberate indifference claim. Accordingly, the court will direct plaintiff to, within thirty days, either submit an amended complaint or written notice that he intends to proceed only with his due process claim. If plaintiff submits an amended complaint, defendant will not be required to respond until the court has screened it. Alternatively, if plaintiff submits notice of his intent to proceed only with his

/////

cognizable due process claim, defendant's response shall be due thirty days from the filing of that notice.

## Conclusion

Based on the foregoing it is ORDERED that:

1. Defendant's request for screening and motion for extension of time (ECF No. 2) is GRANTED.

2. Plaintiff's complaint is sufficient to state a cognizable due process claim against defendant Mim; all other claims are dismissed with leave to amend.

3. Within thirty days of this order's entry, plaintiff shall submit either: (1) an amended complaint or (2) written notice of his intent to proceed only with his due process claim against defendant Mim.

4. If plaintiff submits notice of intent to proceed only with his due process claim, defendant's response to plaintiff's complaint shall be due thirty days from the date of the filing of the notice.

5. Plaintiff is cautioned that failure to comply with this order may result in dismissal of this action for failure to prosecute.

Dated: July 17, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE